

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 6, 1939.

Mr. Weaver H. Baker
District Attorney
Junction, Texas

Dear Sir:

Opinion No. O-481

Re: Is it the mandatory duty of a district
attorney to assist a county attorney
in condemnation proceedings initiated
by the Commissioners' Court for a
purpose of obtaining a right-of-way
for a public road or in defense of a
lawsuit by a land owner against the
county without compensation other
than now allowed?

Your request for an opinion on the above stated question
has been received by this office.

Section 21, Article 5 of the Texas Constitution reads, in
part, as follows:

"The county attorneys shall represent the State
in all cases in the district and inferior courts in their
respective counties; but if any county shall be included
in a district in which there shall be a district attorney,
the respective duties of district attorneys and county at-
torneys shall in such counties be regulated by the Legis-
lature."

In counties where there is a district attorney and also a
county attorney, the Legislature may provide for performance of their
respective duties. This constitutes an important limitation on the powers
or duties of county attorneys. By various enactments it has been pro-
vided that in the absence of the county attorney the district attorney shall
discharge the duties imposed by law on county attorneys, and vice versa.
But in the absence of such a law the duty of the district or county attorney
so to act may not be implied; nor has he such powers. State vs. Texas
Central Railroad Co., 100 SW 663, Tex. Jur. Vol. 15, page 408.

Title 15 of the Revised Civil Statutes, 1925, Article 321 to 341, inclusive, and Chapter 2, Articles 25 to 32, inclusive of the Code of Criminal Procedure, 1925 contains general provisions with reference to county and district attorneys. In these statutes we find under Article 334, Revised Civil Statutes, that these attorneys shall advise and give opinions to various county and precinct officers, but this does not mean that the Commissioners' Court is required to employ the county attorney or district attorney in all civil suits nor does it mean that the county attorney or district attorney has the right to represent the county in such suits. The district attorney and the county attorney are not obliged to represent the county in any civil action except where the statutes so provide. The main purpose of the Constitution, creating the offices of district attorney and county attorney, was to make as the main function of those officers to prosecute criminal cases as stated by the Supreme Court in the case of Brady vs. Brooks, 89 SW 1052. However, the Legislature has from time to time conferred additional duties, but we are unable to find any statutory provision that imposes any duties upon the district attorney or makes him the representative of the county in condemnation proceedings.

You are respectfully advised that it is the opinion of this Department that the statutes impose no duty upon the district attorney to assist the county attorney in condemnation proceedings initiated by the Commissioners' Court for the purpose of obtaining a right-of-way for a public road or in defense of a lawsuit by a land owner against the county in such condemnation proceedings.

You are further advised that the Commissioners' Court may contract with the district attorney to assist the county attorney in condemnation proceedings and provide for his compensation in such contract.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

AW:AW:he
APPROVED:
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS